**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

ANTHONY JOHNSON,

       Plaintiff,                    :          Case No. 3:12-cv-124

                                      District Judge Thomas M. Rose
     -vs-                                Magistrate Judge Michael R. Merz

                                :

OHIO DEPARTMENT OF JOBS
 AND FAMILY SERVICES,

       Defendant.

---

**REPORT AND RECOMMENDATIONS; ORDER TO THE CLERK**

---

Plaintiff Anthony Johnson brought this action *pro se* to recover unemployment benefits in the amount of $21,363,190.16 which were denied him by the Ohio Department of Jobs and Family Services, calculated at the rate of $285 per week plus two penalty weeks for each week denied plus interest at 14%. He also seeks compensatory damages for pain, suffering, and mental anguish in the amount of $25 million, an additional $25 million in punitive damages, and $15,000 for personal property lost during his eviction. In addition he seeks to have Montgomery County Common Pleas Judges Mary Wiseman and Dennis Langer and Ohio Assistant Attorney General David Lefton disciplined (Complaint, Doc. No. 1-3, PageID 40). He also seeks to have Judge Langer and Mr. Lefton imprisoned for five years.

Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases which are within the judicial power of the United States as defined in the United States Constitution and as further granted to them by Act of Congress. *Finley v. United States*, 490 U.S. 545, 550 (1989); *Aldinger v. Howard*, 427 U.S. 1, 15 (1976).Therefore there is a presumption that a federal

court lacks jurisdiction until it has been demonstrated. *Turner v. President, Directors and Co. of the Bank of North America,* 4 U.S. 8, 4 Dall. 8, 1 L. Ed. 718 (1799). Facts supporting subject matter jurisdiction must be affirmatively pleaded by the person seeking to show it. *Bingham v. Cabot,* 3 U.S. 382 (3 Dall. 382), 1 L. Ed. 646 (1798). The burden of proof is on the party asserting jurisdiction if it is challenged. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1935). A federal court is further obliged to note lack of subject matter jurisdiction *sua sponte. Ford v. Hamilton Inv. Co.,* 29 F.3d 255, 257 (6th Cir. 1994); *In re Millers Cove Energy Co., Inc.*, 128 F.3d 449, 450 (6th Cir. 1997); *Franzel v. Kerr Mfg. Co.,* 959 F.2d 628, 630 (6th Cir. 1992); *Mansfield, C. & L M. Ry. v. Swan,* 111 U.S. 379, 4 S. Ct. 510, 28 L. Ed. 462 (1884); *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149 (1908); *Sumner v. Mata*, 449 U.S. 539, 548, n.2 (1981); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

This Court does not have jurisdiction over Plaintiff's claims for a number of different reasons. First of all, professional discipline of Ohio judges and attorneys is exclusively committed to the Ohio Supreme Court. To the extent Plaintiff seeks professional discipline of Judges Langer and Wiseman and of attorney Lefton, that can only be administered by the Ohio Supreme Court.

To the extent Mr. Johnson seeks to have Judge Langer and Mr. Lefton imprisoned, only the United States Attorney can charge persons with federal crimes and only with the concurrence of a grand jury.

To the extent Plaintiff seeks money damages from the Ohio Department of Jobs and Family Services, his claims are barred by the Eleventh Amendment to the United States Constitution. The Eleventh Amendment to the United States Constitution provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State.

2

It has been construed to bar suits against a State by its own citizens. *Papasan v. Allain,* 478 U.S. 265, 276 (1986); *Hans v. Louisiana*, 134 U.S. 1 (1890); *Edelman v. Jordan*, 415 U.S. 651 (1974); *Florida Dep't. of State v. Treasure Salvors, Inc.*, 458 U.S. 670 (1982). The Amendment also bars actions against state agencies where the State is the real party in interest and the action seeks to recover money from the state treasury. *Estate of Ritter v. University of Michigan,* 851 F.2d 846, 848 (6th Cir. 1988); *Ford Motor Company v. Dep't. of Treasury of State of Indiana*, 323 U.S. 459 (1945); *Quern v. Jordan*, 440 U.S. 332 (1979). Application of the Eleventh Amendment in a suit against a public agency turns on whether the agency can be characterized as an arm or alter ego of the State, or whether it should be treated instead as a political subdivision of the State. *Hall v. Medical College of Ohio at Toledo,* 742 F.2d 299, 302 (6th Cir. 1984)(citing *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 280 (1977)). This bar against suit also extends to state officials acting in their official capacities. *Kentucky v. Graham,* 473 U.S. 159, 167 (1985).

The factors a court must consider in determining whether an entity is an arm of the state are:

> (1) the State's potential liability for a judgment against the entity; (2) the language by which state statutes and state courts refer to the entity and the degree of state control and veto power over the entity's actions; (3) whether state or local officials appoint the board members of the entity; and (4) whether the entity's functions fall within the traditional purview of state or local government.

*Pucci v. Nineteenth Dist. Court,* 628 F.3d 752 (6th Cir. 2010), *quoting Ernst v. Rising,* 427 F.3d 351, 359 (6th Cir. 2005)(en banc), citing *Hess v. Port Auth. Trans-Hudson Corp.,* 513 U.S. 30, 44, 45, 51(1994).

Applying the *Pucci* test in this case is quite straightforward: the Department of Jobs and Family Services is an executive department of Ohio State government, in no way independent of the state government and in no way a local municipality.

To the extent Plaintiff is seeking to appeal the denial of his unemployment benefits, any appeal from a decision of the Montgomery County Common Pleas Court must be taken to the state

court of appeals. Federal district courts have no appellate jurisdiction over decisions of the state courts.

To the extent Plaintiff is seeking monetary damages from Judges Wiseman and Langer in their individual capacities, any such damages are barred by absolute judicial immunity. See *Stump v. Sparkman*, 435 U.S. 349 (1978). To the extent he is seeking damages from them in their official capacities, they are officers of the State of Ohio and money damage claims against them in their official capacities are also barred by the Eleventh Amendment. The same is true for any damage claim against the Director of the Ohio Department of Jobs and Family Services in his official capacity.

For the foregoing reasons, the Complaint herein should be dismissed with prejudice insofar as it seeks money damages from Judges Wiseman and Langer in their individual capacities and otherwise without prejudice for lack of subject matter jurisdiction.

The Clerk is ordered not to issue process in this case until further order of the Court.

April 27, 2012.

s/ **Michael R. Merz**
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure

4

may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).