# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ANTHONY JOHNSON,

      Plaintiff,                  :           Case No. 3:12-cv-124

                                            District Judge Thomas M. Rose
    -vs-                                     Magistrate Judge Michael R. Merz

                                  :

OHIO DEPARTMENT OF JOBS
  AND FAMILY SERVICES,

      Defendant.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This case is before the Court on Petitioner's Objections (Doc. No. 4) to the Magistrate Judge's Report and Recommendations (Doc. No. 3). The District Judge has recommitted this case to the Magistrate Judge for further consideration.

The Report recommends that all claims for money damages against judge Defendants Dennis Langer and Mary Wiseman, to the extent brought against them individually for their actions in adjudicating Plaintiff's unemployment compensation claim, be dismissed with prejudice as barred by judicial immunity (Report, Doc. No. 3). The Report further recommends that all other claims be dismissed without prejudice for lack of subject matter jurisdiction. *Id.*

Mr. Johnson makes no objection regarding the judicial immunity analysis. Instead, he focuses on subject matter jurisdiction.

First of all, Mr. Johnson notes that he seeks relief under a number of federal criminal statutes: 18 U.S.C. §§ 1001(a), 1341, 1343, and 1346, and state criminal statutes: Ohio Rev. Code §§ 2913.01 and 2913.42. Private individuals cannot file criminal cases in federal court. Such a case can only be brought by the United States Attorney with the concurrence of the federal grand

jury.   And violations of the Ohio Revised Code cannot be prosecuted in federal court at all.   Thus while this Court could hear Mr. Johnson's claims of federal criminal misconduct if the United States Attorney filed them, it has no jurisdiction to consider them on a civil complaint.

Secondly, Mr. Johnson purports to assert claims under 42 U.SC. § 1981, 1986, and 1985(2).   The federal courts do have subject matter jurisdiction over claims under these statutes by virtue of 28 U.S.C. §§ 1331 and 1343.   However, the Complaint does not state a claim for relief under any of these statutes. As to § 1981, Mr. Johnson only says somehow Defendants interfered with his right "to give evidence."   (Complaint, Doc. No. 2-1, PageID 54).   As to § 1985, he says only that the Defendants "obstructed justice."   As to § 1986, he says only that some of the Defendants did not prevent other Defendants from violating his rights under § 1985 in some unspecified way. Conclusory allegations of this sort do not satisfy federal pleading statutes.  *Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 ( 2009).

It is very clear from the Complaint that Mr. Johnson is complaining about the way the Ohio unemployment agency handled his case and what the Montgomery County Common Pleas Court did or did not do with his appeal.  Much of what he seeks by way of relief is what he believes is due him from unemployment compensation and criminal punishment for those who, he believes, mishandled his case.   As the original Report makes clear, this Court does not have jurisdiction to review decisions of the Common Pleas Court in unemployment compensation cases.   Mr. Johnson must seek relief, if any is still available, from the Ohio Second District Court of Appeals.

Accordingly, it is again respectfully recommended that the claims against Judges Langer and Wiseman be dismissed with prejudice and all other claims be dismissed for lack of jurisdiction or for failure to state a claim upon which relief can be granted.

May 9, 2012.

                                                      s/ **Michael R. Merz**
                                                      United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).