# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ANTHONY JOHNSON,

       Plaintiff,      :      Case No. 3:12-cv-124

                                          District Judge Thomas M. Rose
    -vs-                            Magistrate Judge Michael R. Merz

                                      :

OHIO DEPARTMENT OF JOBS
 AND FAMILY SERVICES,

       Defendant.

## REPORT AND RECOMMENDATIONS REGARDING
## LEAVE TO APPEAL *IN FORMA PAUPERIS*

      This case is before the Court on Plaintiff's Motion for Leave to Appeal *in forma pauperis* (Doc. No. 10).

      The Sixth Circuit Court of Appeals requires that all district courts in the Circuit determine, in all cases where the appellant seeks to proceed *in forma pauperis,* whether the appeal is frivolous.  *Floyd v. United States Postal Service*, 105 F.3d 274 (6th Cir. 1997).

      28 U.S.C. §1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

      Plaintiff was granted leave to proceed *in forma pauperis* in this Court, but that determination is not conclusive, since the appeal involves a separate proceeding.  *Slack v. McDaniel,*529 U.S. 473 (2000)*; Spruill v. Temple Baptist Church,*  141 F.2d 137, 138 (D.C. Cir.1944). If the party was permitted to proceed *in forma pauperis* in the district court, the party may proceed on appeal in forma pauperis without further authorization unless the district court certifies in writing that an appeal would not be taken in good faith, or the party is not otherwise

entitled to proceed as a pauper. See Fed. R.App. P. 24(a)(3). If the district court denies the individual leave to proceed in forma pauperis on appeal, the party may file, within thirty days after service of the district court's decision as prescribed for by Fed. R. App. P. 24(a)(4), a motion with the Court of Appeals for leave to proceed as a pauper on appeal. The party's motion must include a copy of the affidavit filed in the district court and the district court's statement as to its reasons for denying pauper status on appeal. See Fed. R.App. P. 24(a)(5). *Callihan v. Schneider,* 178 F.3d 800, 803 (6th Cir. 1999), holding *Floyd v. United States Postal Service*, 105 F.3d 274 (6th Cir. 1997), superseded in part by 1998 amendments to Fed. R.App. P. 24.

The test under §1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue not frivolous. *Coppedge v. United States,* 369 U.S. 438 (1962). Thus an appellant's good faith subjective motivation for appealing is not relevant, but rather whether, objectively speaking, there is any non-frivolous issue to be litigated on appeal.

Plaintiff's action in this Court was essentially an attempted appeal of a decision by the Ohio Department of Jobs and Family Services denying him unemployment benefits. He also sought to have this Court impose discipline on Montgomery County Common Pleas Judges Mary Wiseman and Dennis Langer Ohio Assistant Attorney General David Lefton disciplined (Complaint, Doc. No. 1-3, PageID 40). Finally, he sought to have Judge Langer and Mr. Lefton imprisoned for five years.

The case was dismissed for lack of subject matter jurisdiction and because Judges Wiseman and Langer are immune. The lengthy Notice of Appeal Plaintiff has filed does not address these reasons for dismissal. The Court should deny the Motion for Leave to Appeal *in forma pauperis* and certify to the Sixth Circuit that the appeal is not taken in objective good faith. June 27, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.   Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).